IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST C. ALDRIDGE, | No. CIV S-10-1045-FCD-CMK |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| J. GARCIA, | |
|     Defendant. | |

Plaintiff, who is proceeding pro se, brings this civil action relating to a notice of eviction posted on real property incident to a foreclosure order.  Pending before the court is defendant's unopposed motion to dismiss (Doc. 5), which was submitted for decision without oral argument.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

This action proceeds against defendant J. Garcia, who is a Deputy United States Marshal. Defendant recites the following general background, which plaintiff has not opposed:

> Aldridge alleges that Deputy Garcia "seize[d] property owned by Plaintiff without warrant or cause or lawful court process," violating his Fourth Amendment rights, by posting on certain real properties documents entitled "Notice of Opportunity to State Claim of Right to Possession." This case is the latest collateral litigation regarding the United States' collection of unpaid federal taxes owed by Michael and Leone Carey. A brief explanation of the underlying case is necessary.
> 
> In 2005, the United States brought suit against Michael and Leone Carey and the trustees of two purported trusts – the Ranch Holding Trust and the Hidden Meadows Holding Trust. The action sought to foreclose federal tax liens on three pieces of real property. The real properties are located at 22510 Heartwood Lane, Palo Cedro, California, 96073; 3041 Lawrence Road, Redding, California, 96002; and 23658 Highway 299E, Bella Vista, California 96008. The United States alleged that while the properties were nominally owned by the two purported Trusts, Michael and Leone Carey were the true and beneficial owners and had transferred the properties to the purported Trusts in order to prevent the United States from collecting lawful tax debts.
> 
> On July 5, 2007, the District Court entered judgment in favor of the United States and against Michael and Leone Carey and the trustees of the purported Trusts. It held that the trusts are "sham entities" that Michael and Leone Carey used "in an attempt to shield . . . properties from the reach of their creditors." The Ninth Circuit affirmed. Aldridge is the present Trustee of the sham Trusts.
> 
> After judgment was entered, the United States moved to enforce the judgment through an order foreclosing the tax liens. The Court granted the motion on February 11, 2008, issuing an order permitting the United States to enforce its tax liens against the real properties. The order further stated:
> 
>> All persons occupying the Palo Cedro, Redding, and Bella Vista properties shall leave and vacate the properties permanently within 30 days of the date of this Order . . . . If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action they deem appropriate to remove such person from the premises. . . .
> 
> This order is referred to below as the "February 11, 2008, Order."
> Pursuant to the Court's Order, Deputy United States Marshals posted eviction notices on each of the properties. Plaintiff sued them [in case no. CIV-S-09-1737-GEB-CMK], alleging that they had unlawfully seized his property. On the United States' motion, the case was dismissed. The Ninth Circuit summarily affirmed.

On March 12, 2010, the United States filed a motion for an order of ejectment in the District Court suit, *United States v. Carey*. The motion requested that the Court order the eviction of everyone occupying the properties, and gave the occupants notice of the motion in order to permit them to contend that they had a right to remain. The United States Marshal Service posted the Motion and its supporting documents on each of the properties. The documents attached to Aldridge's Complaint, titled "Notice of Opportunity to State Claim of Right to Possession," were among the documents posted.

Aldridge claims that by serving the Notices of Opportunity and the associated documents, Deputy Garcia "seized" his property. He acknowledges in his complaint that Deputy Garcia was acting in his capacity as a Deputy United States Marshal. He also acknowledges that the Unites States is the real party in interest.

As defendants notes, plaintiff admits that defendant acted pursuant to court order in furtherance of his official duties as a Deputy United States Marshal.

## II.  DISCUSSION

Defendants argues, among other things, that this action should be dismissed, with prejudice, because: (1) he is entitled to quasi-judicial immunity; and (2) the action is barred by sovereign immunity. The court agrees with defendant that, as with Aldridge's prior action in case no. CIV-S-09-1737-GEB-CMK, the instant action must also be dismissed for these reasons.[1]

### A.  **Quasi-Judicial Immunity**

In <u>Fayle v. Stapley</u>, the Ninth Circuit concluded that certain government officers were immune from civil rights liability for actions authorized by a court order. See 607 F.2d 858, 862 & n.4 (9th Cir. 1979). In two other cases, the Ninth Circuit stated in dicta that those who execute court orders are shielded from liability in civil rights action s by the doctrine of

---

[1] On September 16, 2010, the court issued findings and recommendations that this action be dismissed as a sanction for plaintiff's failure to appear at the September 9, 2010, initial scheduling conference. In response to the findings and recommendations, defendant has requested the court to rule on the merits of his pending unopposed motion to dismiss. This request is granted. Upon expiration for the time to file objections to these findings and recommendations, both will be presented to the District Judge as independently adequate reasons to dismiss this action.

3

quasi-judicial immunity.  See Gregory v. Thompson, 500 F.2d 59, 65 n.6 (9th Cir. 1974); Gillibeau v. City of Richmond, 417 F.2d 426, 429 (9th Cir. 1969).  In Coverdell v. Department of Social Services, the Ninth Circuit joined several other circuits in holding that "persons who faithfully execute valid court orders are absolutely immune from liability. . . ."  834 F.2d 758, 764-65 (9th Cir. 1987).  In that case, the court concluded that a social service worker executing an order to place Coverdell's child in protective custody enjoyed absolute quasi-judicial immunity.  See id. at 765.  In so holding, the court stated:

> Coverdell had an opportunity to challenge the court's order that Christina be apprehended and placed in temporary shelter care.  That order became final long ago and it is not at issue on this appeal.  Coverdell has neither alleged nor shown that in executing the order, McLaughlin exceeded its scope or acted improperly in any other way.  Coverdell's complaint, at bottom, is that McLaughlin apprehended Christina without notice shortly after the child's birth, while mother and child were still recuperating at the hospital.  McLaughlin's act, however, was plainly authorized by the court's order, which expressly directed the immediate apprehension of the child from the hospital. . . .

Id.

The court agrees with defendants that, accepting the allegations in the complaint as true, he is entitled to absolute immunity because he was performing the ministerial act of enforcing the court's foreclosure order and there is no allegation that he exceeded his authority in doing so.

### B. Sovereign Immunity

The United States, as a sovereign, may not be sued without its consent.  See Unites States v. Dalm, 494 U.S. 596 608 (1990).  Where the government has not consented to suit, the district court lacks subject matter jurisdiction and the action must be dismissed.  See Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).  The doctrine of sovereign immunity extends to agents and officers of the United States who are sued in their official capacities.  See Spalding v. Vilas, 161 U.S. 483, 498-99 (1896); see also Hutchinson, 677 F.2d at 1322.  In this case, plaintiff alleges that the individual defendant was acting in his official

capacity as a Deputy United States Marshal.  He also asserts, as defendant observes, that the United States is the real party in interest as the employer and surety for defendant.   From these allegations, it is clear that plaintiff has sued defendant in his official capacity as an agent and officer of the United States.  Because the government has not consented to be sued, this court lacks subject matter jurisdiction and the action must be dismissed with prejudice.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to dismiss (Doc. 5) be granted; and
2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 9, 2010

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE